IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **BILLY COY COCHRAN,** | ) | 1:06-cv-0909-LJO- WMW HC |
| Petitioner, | ) ) | **ORDER GRANTING MOTION FOR STAY** |
| vs. | ) ) | |
| | ) | [Doc. 4] |
| **JAMES TILTON,** | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On October 23, 2006, Petitioner filed a motion for a stay of this case pending the exhaustion of his claims in state court. Specifically, Petitioner states that six of the claims he previously presented to the state courts were not properly exhausted, and were therefore not raised in the present petition. Petitioner seeks an order holding this petition in abeyance until he can exhaust these six claims in state court. He also seeks an order granting him leave to

amend the current petition to include those claims after they are exhausted.

A district court does have discretion to hold in abeyance a petition containing only exhausted claims. <u>Calderon v. United States Dist. Court (Thomas)</u>, 144 F.3d 618,620 (9th Cir. 1998); <u>Calderon v. United States District Court (Taylor)</u>, 134 F.3d. 981, 988 (9th Cir 1998); <u>Greenawalt</u>, 105 F.3d 1268, 1274 (9th Cir. 1997), *cert. denied,* 519 U.S. 1102 (1997). However, the Ninth Circuit has held that its holding in <u>Taylor</u> in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." <u>Taylor</u>, 134 F.3d at 988 n.11. Rather, a stay should be granted in exceptional cases only: the claims the petition seeks to pursue must be cognizable under § 2254; there must be a likelihood of prejudice to the petitioner should a stay be denied; and there must be no evidence that the motion for a stay is brought to delay, to vex, or harass, or that the request is an abuse of the writ. <u>See</u>, <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301-02 (9th Cir. 1993), *cert. denied*, 513 U.S. 914 (1994); <u>see</u> <u>also</u>, <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1274 (9th Cir. 1997). In addition, a district cannot stay habeas proceedings indefinitely pending exhaustion in state court as to do so would make this Court's compliance with the Antiterrorism and Effective Death Penalty Act's requirement for prompt resolution of § 2254 petitions impossible.

In this case, the court finds that the claims Petitioner wishes to exhaust appear to be cognizable under § 2254, there is a likelihood of prejudice to Petitioner if the stay is denied because the claims may be foreclosed by the running of the statute of limitations, and there is no indication of improper motive in seeking the stay.

Accordingly, IT IS HEREBY ORDERED as follows:

1) Petitioner's motion for a stay of these proceedings pending exhaustion of his additional six claims in state court is HEREBY GRANTED;

2) This petition is HEREBY STAYED pending exhaustion of the additional six claims in state court;

3) Petitioner is GRANTED LEAVE to file a first amended petition following the

exhaustion of his six additional claims in state court.  The first amended petition shall contain only the claims in the original petition, the two presently exhausted claims which were omitted from the present petition, and the six newly exhausted claims.  The first amended petition SHALL BE FILED within thirty (30) days of the exhaustion of Petitioner's six additional claims.

4) Petitioner SHALL FILE a status report concerning the progress of his claims in state court every sixty days, commencing sixty days from the date of service of this order.  Petitioner shall immediately inform the court upon the exhaustion of his claims.  Petitioner is cautioned that failure to timely file his status reports will result in the termination of the stay.

IT IS SO ORDERED.

Dated:   March 13, 2007             /s/  William M. Wunderlich
mmkd34                              UNITED STATES MAGISTRATE JUDGE

3